FILED

2016 NOV -7 PM 2:34

U S DISTRICT COURT
MIDDLE DIST FLORIDA
FT MYERS, FLORIDA

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

PATRICK CARROLL,

    Plaintiff,

vs.    CASE NO.: 16-CC-3042

THE CBE GROUP, INC.,

    Defendant.

2:16CV-816-FtM-38CM

_____/

### FIRST AMENDED COMPLAINT FOR UNLAWFUL AND ABUSIVE DEBT COLLECTION PRACTICES

COMES NOW, the Plaintiff, PATRICK CARROLL, hereinafter "Plaintiff" or "consumer," sues the Defendant, THE CBE GROUP, INC., (hereinafter "Defendant"), for violation of Florida's Consumer Collection Practices Act, §559.55 Fla. Stat. et seq., the "FCCPA," and for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, the "TCPA" for damages that do not exceed $15,000.00, exclusive of attorney's fees and costs, and alleges as follows:

### Introduction

1. The FCCPA protects Florida citizens from abusive, threatening, harassing and false or fraudulent calls by or on behalf of creditors. The FCCPA provides for actual and statutory damages, plus attorney's fees and costs of the action. The Defendant's misconduct, as alleged and to be proven herein, violates the FCCPA in multiple respects.

2. The TCPA prohibits non-emergency phone calls to be placed by an automatic telephone system (ATDS) to cellular phone subscribers without their prior express written consent.

### GENERAL ALLEGATIONS

2


EXHIBIT A

3. The Plaintiff resides in Lee County and the unlawful communications occurred in this county and caused injury to Plaintiff in this county.

4. The Defendant is subject to *in personam* jurisdiction here because the Defendant's unlawful, statutory violations were specifically directed at Plaintiff in this county and caused harm to Plaintiff in this county.

5. The damages, exclusive of attorneys' fees, prejudgment interest, and costs, are within the jurisdictional limits of this Court.

6. Jurisdiction and venue for the purposes of this action are proper under Fla. Stat. §559.77.

7. Plaintiff is a consumer.

8. The Defendant had undertaken collection activities against the Plaintiff.

9. The Defendant, in an effort to collect the alleged debt owed by the Plaintiff, undertook an unlawful course of conduct that included the use of repeated telephone calls, threats, calls and hang-ups, robo-calls, and other communications, and similar conduct designed to threaten, coerce and/or intimidate the Plaintiff.

10. The Plaintiff was contacted by the Defendant after this lawsuit was initiated and the Defendant was aware the Plaintiff was represented by counsel.

11. The Defendant was served with the instant lawsuit on September 9, 2016. See: Exhibit A.

12. The undersigned was contacted via email on September 12, 2016 by Thomas J. Lockard, Litigation Manager for CBE companies advising they were aware of service of the instant lawsuit.

13. The undersigned was contacted via email on September 23, 2016 by Charles McHale, Esq. advising that his firm was retained to represent CBE in the instant suit.

14. The Defendant's unlawful course of conduct constituted violations of the FCCPA.

15. The Defendant's unlawful course of conduct constituted violations of the TCPA.

## COUNT I: VIOLATION OF FCCPA

16. This is a cause of action against Defendant for its violation of the FCCPA.

17. Plaintiff restates (1) through (15) above, as if fully set forth herein.

18. At all times material hereto, Plaintiff was a "debtor" or "consumer" within the meaning of §559.55(8) Fla. Stat.

19. At all times material hereto, the communications and other misconduct alleged herein arose out of a "debt" or "consumer debt" within the meaning of §559.55(6) Fla. Stat.

20. At all times material hereto, the Defendant was a "person" within the meaning of §559.55(7) Fla. Stat.

21. The Defendant willfully violated provisions of the FCCPA by their conduct, which included, but was not limited to the following actions:

    (a) The Defendant's conduct was prohibited by §559.72(7), because it was reasonably intended to willfully harass or abuse the Plaintiff.

    (b) The Defendant's conduct was prohibited by §559.72(18), because the Plaintiff was contacted regarding this debt by the Defendant, despite Defendant's knowledge that the Plaintiff was represented by an attorney.

22. The Defendant calls Plaintiff several times a day on a regular basis from several different phone numbers and sometimes receives up to five (5) calls in one day.

23. The Defendant called the Plaintiff on September 28, 2016, despite the fact that they were served on September 9, 2016 and were aware that the undersigned represents the Plaintiff.

24. The undersigned was contacted twice by the CBE group regarding the instant lawsuit as referenced above.

4

25. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages.

26. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

27. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, PATRICK CARROLL, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT II: INJUNCTIVE RELIEF

28. This is a cause of action for injunctive relief against Defendant to enjoin its further violations of the FCCPA.

29. Plaintiff restates (1) through (15) as if fully set forth herein.

30. The Defendant's continued violation of the FCCPA against the Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

31. Plaintiff has no adequate remedy at law.

32. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless equitably enjoined from continuing to violate the FCCPA.

33. The FCCPA empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "enjoin" "further violations of this Part."

34. Plaintiff hereby invokes the Court's statutory and/or equitable jurisdiction under the FCCPA to enjoin further violations of this part, more specifically:

   a) The immediate and permanent cessation of any and all unlawful attempted communication or contact.

35. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

36. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA, and contingent risk multiplier.

WHEREFORE, Plaintiff, PATRICK CARROLL, prays for injunctive relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT III: DECLARATORY RELIEF

37. This is a cause of action for declaratory relief against Defendant to declare certain of its offending practices to be unlawful and in violation of the FCCPA.

38. Plaintiff restates (1) through (15) as if fully set forth herein.

39. The Defendant's continued violation of the FCCPA against Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

40. Plaintiff has no adequate remedy at law.

41. The Defendant denies that it is in violation of the aforesaid statutes and federal laws.

42. Plaintiff is uncertain as to Plaintiff's rights under the FCCPA. Plaintiff seeks the Court to exercise its statutory and/or equitable jurisdiction to declare the rights of the parties under

the statute.

43. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless declaratory relief issues declaring the conduct unlawful.

44. The FCCPA and Chapter 86, The Declaratory Judgment Act empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "declare" the rights of the parties under the FCCPA.

45. Plaintiff hereby invokes the Court's equitable jurisdiction to declare the following as violations of the FCCPA:

   a) Willfully repeated "robo-calls" or other multiple calls to consumers in a single day.

46. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

47. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, PATRICK CARROLL, prays for declaratory relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT IV: VIOLATION OF TCPA

48. This is a cause of action against Defendant for its violation of the TCPA.

49. Plaintiff restates (1) through (15) above, as if fully set forth herein.

50. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or pre-recorded voice, and not legally permissible under any provision to the TCPA.

51. As a result of Defendant's actions, the Plaintiff is entitled to an award of $500 for each violation.

52. Defendant's violations were committed willfully and knowingly.

53. Plaintiff requests the Court treble damages based on Defendant's knowing and willing violation, pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, Plaintiff, PATRICK CARROLL, prays that the court enter judgment in favor of the Plaintiff, and against the Defendant for $500 in statutory damages for each violation of the TCPA, $1,500 in statutory damages for each knowing or willful violation of the TCPA, a permanent injunction prohibiting the defendant from placing calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or a prerecorded voice, attorney's fees and costs, and any other such relief as the Court deems mete and proper.

### JURY DEMAND

Plaintiff, PATRICK CARROLL, demands a trial by jury for all claims asserted herein.

Dated this 17th day of October, 2016.

VILES & BECKMAN, LLC
Attorneys for Plaintiff
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
Email: Maria@vilesandbeckman.com
Secondary: AOsborne@vilesandbeckman.com

By: _____
Maria Alaimo, Esquire
Florida Bar Number: 103870

8